MARVIN FOSDICK v. GARRETT VAN ARSDALE ET AL.

*Trial—Opening and closing case to jury—Statements of counsel—*
*Promissory notes—Consideration—Compounding felony—*
*Evidence.*

1. Counsel have the right, both in opening the case to the jury, before the testimony to support their case is offered, and when closing the argument, after the testimony is in, to state to the jury that they claim the law to be thus and so, and that they shall request the court to so instruct them, and that they will adduce such and such testimony to support their claim under the law in the first instance, or at the close to state that the evidence in the case, under the law as they shall claim it to be, establishes their right to a verdict.

2. It is not competent for a witness to state his understanding of a given transaction.

3. Where the maker of a note was held for trial on a charge of obtaining the loan for which the note was given by false pretenses, and upon the trial of a suit upon a note given in exchange therefor the defense was that it was given in consideration of the surrender of the *first* note, and upon the promise of the payee not to appear in the criminal case, a paper filed in said criminal case by the prosecuting attorney, giving as a reason for not filing an information the absence of sufficient evidence to insure a conviction, is inadmissible as evidence for the plaintiff, without any explanation by the officer signing the same.

4. A promissory note given in consideration of an agreement on the part of the payee that he will obstruct the course of public justice, or suppress proceedings under a criminal complaint, cannot be collected or enforced by such payee.

Error to Kalamazoo.    (Buck, J.)    Argued February 13, 1889.    Decided February 20, 1889.

*Assumpsit.*    Defendants bring error.    Reversed.    The facts are stated in the opinion.

*V. H. Lockwood,* for appellants.

*James H. Kinnane,* for plaintiff.

MORSE, J.    This suit was brought to recover upon a promissory note dated at Alamo, Mich., June 7, 1886, for $110, payable seven months after its date, to plaintiff or bearer, at 10 per cent. interest.    The note was executed jointly and severally by the defendants as makers.

The defense was that the note was made without any consideration to them, and was given for the sole purpose of procuring the release of one James Wheeler, who was in jail at Paw Paw upon a criminal charge, at the complaint of plaintiff; that the plaintiff obtained the note by fraud; and that he received it for the purpose of compounding a felony.

The plaintiff had judgment upon the verdict of a jury in the circuit court for the county of Kalamazoo.

It was shown upon the trial, without dispute, that at the time this note was executed the plaintiff gave up to Hannah Wheeler, who was a sister of James Wheeler, two notes that he then held against said James Wheeler. Prior to this time James Wheeler had been arrested on complaint of plaintiff, and bound over to the circuit court of Van Buren county for trial, upon a charge of obtaining the loan for which one of his notes was given by false pretenses. The defendants gave evidence tending to show that the note in suit was made and delivered upon the promise of plaintiff that he would not appear against James Wheeler, and that he should be released from the charge against him.

The plaintiff gave testimony upon his part tending to show that he made no such promise, and that all there was to the transaction was that he simply took this note in payment of the two he held against James Wheeler.

The record shows that, after the primary case of the plaintiff was closed,—

"V. H. Lockwood proceeded to state the defendants' case to the jury, and during the opening proceeded to state the law governing the defendants' case, and upon which the defense was based; whereupon the counsel for the plaintiff interposed an objection, and the said court sustained the objection, stating that the law would come from the court in due time."

This is made the first assignment of error in defendants' brief.

We are not able, from this meager statement in the record, to know whether error was committed or not by this action of the circuit judge. But counsel have the right in stating their case to the jury at the opening to briefly set forth what points of the law they rely upon, and the nature of the testimony they propose to introduce

to support such points. It is true the law is to be given by the court; but, as it is not given in most cases until the testimony is ended, and the counsel have summed the same up in support of their case before the jury, the counsel have the right, both in opening the case to the jury, before the testimony to support their case is offered, and when closing the argument, after the testimony is in, to state to the jury that they claim the law to be thus and so, and that they shall request the court to so instruct them, and that they will adduce such and such testimony to support their claim under the law in the first instance, or at the close to state that the evidence in the case, under the law as they shall claim it to be, establishes their right to a verdict at the hands of the jury. The counsel have no right to read law to the jury, or to usurp the province of the court in any way in this respect, but they have the undoubted right to state so much of the law, as they claim it to be, as may enable them to lay before the jury an intelligent idea of the force, effect, and bearing of the testimony upon their case, either before or after said testimony is in the case.

Several of the witnesses for the defense, especially the defendants themselves, were asked what was their understanding of the transaction, and "What was your understanding when you signed the note?" This was properly excluded. The transaction itself—what was said and done by the parties—was to be laid before the jury, and it was for them to determine what the arrangement and the understanding were.

The plaintiff offered in evidence the files in the case against James Wheeler, to show that the prosecuting attorney discontinued the case,—to show the reason why the case was discontinued. The court said:

"It would not be conclusive one way or the other, but I think the testimony is admissible.

" *Mr. Lockwood* (of counsel for the defendants). All right. [After examining the files:] I am glad it has gone in, after examining them.

" *The Court.* Is the objection withdrawn?

" *Mr. Lockwood.* No, sir; I object to it as irrelevant and immaterial. I don't see anything in it. I want to save my rights, of course. I further object to the filing of the statement purporting to come from Mr. Chandler, —the paper marked 'Exhibit A.' I object to its being read, for the reason that no prosecuting attorney was produced here, or no one having custody of the files was produced here, to say that these are the files. It is not known whether it is the files, or some paper that is brought in here as a file. I object to the introduction of it, in addition to the further objection I have made."

Exhibit A, referred to in the above objection, and admitted in evidence, is as follows:

"STATE OF MICHIGAN,    {
    " County of Van Buren,  } *ss.*

" *The Circuit Court for the County of Van Buren.*

" Alonzo M. Chandler, prosecuting attorney for the county of Van Buren aforesaid, for and in behalf of the people of the State of Michigan, comes into said court in the May term thereof, A. D. 1886, and gives it here to understand that one James H. Wheeler, heretofore held to said court for trial by Elam Warner, a justice of the peace in and for said county, ought not to be informed against, for the reason that there is not sufficient evidence that can be procured to insure a conviction.

" ALONZO H. CHANDLER,
    " Prosecuting Attorney for Van Buren County, Mich.
" *Dated July* 6, 1886."

We do not think the action of the prosecuting attorney would have anything to do with the case, such action being after the making of the note in suit, if the note was given under such circumstances as to make it void. If the evidence, however, as to the consideration of the

note was doubtful or unsatisfactory, it might have some bearing upon the issue to be determined in that respect. But this paper filed by the prosecuting attorney, without any explanation on the part of that officer, was inadmissible, and we do not think the remarks of Mr. Lockwood waived its admission.    It is true it may not have done much harm, as the argument is deducible from it that the transaction between plaintiff and defendants, by which the James Wheeler note was destroyed, may have been the reason why the prosecuting attorney thought "that sufficient evidence could not be procured to insure a conviction."    But, as before said, it had no business in the case, and probably affected the verdict.    At least, we cannot say that it did not.

The remaining objections are to the charge of the court. The court instructed the jury, among other things, as follows·

"A promissory note given in consideration of an agreement on the part of the one to whom it is given that he will obstruct the course of public justice, or suppress proceedings under a criminal complaint, is void, and cannot be collected or enforced. by the one to whom it is given.    The law refuses to lend its assistance in the enforcement of a contract of that nature.    This, however, is not because the law seeks to favor the defendants in such a transaction.    The law looks upon the parties as equally at fault, and refuses to lend its aid to either in a case where both are guilty of trying to impede the course of public justice.    It is therefore not sufficient to defeat the plaintiff's action for the defendants to show that they gave the note in question upon their understanding that by so doing the party complained of for a criminal offense would be discharged from custody, and the prosecution against him no further pursued.    They must show also that this understanding and arrangement was participated in by the plaintiff, and that this understanding and arrangement was a part of the consideration for which the note was given.    The fact that a criminal charge was pending against James Wheeler would not

prevent the plaintiff from settling his civil claim against the said Wheeler, and the note given on such settlement would be good and collectible, unless it was a part of his agreement on such settlement, and also a part of the consideration for which the note was given, that he would do or refrain from doing something in the prosecution of the criminal charge."

The defendants insisted that if the defendants understood that the note was given to settle the case against James Wheeler, or if they understood that by the exchange of notes they were destroying the evidence against said Wheeler, the note sued upon would be void, whether or not the plaintiff so understood it. We think the court was correct in his interpretation of the law as above given, and that the understanding that a felony was to be compounded, or the evidence destroyed against James Wheeler, or that plaintiff would not appear or prosecute the case against him, must have been the understanding of the plaintiff as well as that of the defendants. We think, however, that the court erred in saying to the jury that—

"The defense would not be made out by proving that plaintiff promised not to appear against James Wheeler, unless the proof also shows that that promise was part of the consideration for which the note was given"

That his naked promise not to so appear would not make the note void, unless that promise formed a part of the consideration for which the note was given. We find no warrant for any such instruction. If the plaintiff made any such promise in this case, there can be no question from the evidence but what such promise formed a part of the consideration of this note. This instruction was capable of misleading the jury, and, in view of the verdict, we cannot say it did not do so.

The court, in view of the admission of Exhibit A, and as a matter of law, if anything in the evidence required

it, should have given the defendants' fifteenth request, to wit:

" If the jury find that one of the inducements held out for defendants to sign the note in question was the settlement of the criminal case against James Wheeler, and to obtain his release from prison, then tue note is void, and it does not matter what the prosecution did afterwards."

The fourteenth request should also have been given, as follows:

" The court is requested to charge the jury that if they find that Fosdick, by his acts and conduct, allowed defendants to sign the note under the impression that it would settle the criminal matter, and release James Wheeler from jail, then he would be a party to the compounding of a felony, and the note would be void, and they should find for defendants."

We think, also, that if the plaintiff believed that the surrender of the note which was the basis of the criminal charge against James Wheeler would destroy the evidence necessary to convict him upon such charge, and knew that the defendants were giving the new note for that reason, and with the purpose of destroying said note of James Wheeler, he ought not, under the law, to be permitted to recover upon such note, and that the court should have so instructed the jury, as his attention was sufficiently called to this part of the defense by some of the defendants' requests which he refused to give.

For the errors above noted the judgment of the court below must be reversed, and a new trial granted, with the costs of this Court to defendants.

The other Justices concurred.