CALISTA EDWARDS v. THE COMMON COUNCIL OF THE VILLAGE OF THREE RIVERS.

*Municipal corporations—Defective sidewalks—Evidence—Exhibition of injury to jury—Statements of counsel.*

1. As showing the negligence of a village in permitting a sidewalk to be out of repair at the place where the plaintiff was injured, it is competent for the plaintiff to show by the president of the village that he knew of the defect before the accident, and that by 20 minutes' work it could be remedied, and that he communicated these facts to the village marshal; and the defendant cannot rebut the *effect* of this testimony by showing that the president did not give the like information to the chairman of the street committee.

2. The action of the court in permitting plaintiff to exhibit her injured limb to the jury as evidence of its *then* condition is sustained under *Langworthy v. Township of Green*, 95 Mich. 93, and *Graves v. City of Battle Creek*, Id. 266.

3. A physician who had examined plaintiff's limb some time before the trial was properly permitted to testify that, in his

96 MICH.— 40.

opinion, a scar upon the other limb was the effect of the disease with which the injured limb was afflicted at the time of the trial, which disease the defendant claimed existed prior to the accident, and which plaintiff contended was the result of the injury complained of.

4. Counsel have the right, either before or after the testimony is given, to state so much of the law, as they claim it to be, as may enable them to convey to the jury an intelligent idea of the force, effect, and bearing of the testimony upon their case; citing *Fosdick v. Van Arsdale*, 74 Mich. 305.[1]

Error to St. Joseph. (Loveridge, J.) Argued June 29, 1893. Decided July 26, 1893.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*H. O. Bliss, Howell, Carr & Barnard*, and *H. P. Stewart*, for appellant.

*B. E. & L. F. Andrews*, for plaintiff.

LONG, J. This action was brought to recover damages for an alleged injury to plaintiff on one of defendant's sidewalks, which, it was claimed, was so far out of repair that it was not reasonably safe and fit for travel. Plaintiff had verdict and judgment for $675.

It is claimed that plaintiff, while proceeding along this walk, stepped into a hole four or five inches deep, where a plank had been left out; that she was caught by her toes, which were turned up, and her foot and ankle sprained; that before this time she was a strong woman, but by reason of the injury the foot and ankle became swelled, and the skin from the toes to the ankle cracked open in fine cracks, developing into sores, from which she had not been able to be cured at the time of the trial, nearly two years after the injury. It is claimed that the defendant had

---

[1] See *Prentis v. Bates*, 93 Mich. 235.

notice of the defective condition of the walk before the accident, and neglected to repair it. On the trial the defense was that plaintiff's limb was diseased with eczema, and had been for many years prior to the injury, and that plaintiff was suffering from disease, and not from the injury. It was further claimed that immediately after the injury the limb was not properly treated, and its condition at the time of the trial was the result of such improper treatment. The defense was also interposed that defendant had no notice or knowledge that the walk was out of repair.

Several assignments of error relate to the admission of testimony. The president of the village was called as a witness for plaintiff. He testified that he knew of the bad condition of the walk before and at the time of the plaintiff's injury, and shortly before that time had called the attention of the village marshal to it; that he saw the loose plank, and noticed that one was gone; that on one occasion, before the plaintiff's injury, he stepped into a hole there, and his foot was caught; and that it would not have taken 20 minutes to fix this place. Error is assigned upon the ruling of the court in permitting the witness to state how long it would have taken to fix the walk. The chairman of the street committee was called as a witness, and asked by defendant's counsel if the president of the village called his attention to the condition of the walk. This was ruled out by the court. The court was not in error in its rulings upon these questions. It was proper to show the negligence of the village in permitting the walk to be out of repair. The president knew its condition, and that by 20 minutes' work it could be remedied; he communicated this fact to the village marshal, whose duty it may have to repair it; and these facts were properly permitted to be shown on the trial. Whether the president of the village called the attention of the chairman of the street committee to its condition or not could not matter. The

village had notice of the defect, and time to repair it, before the accident.

The court directed the jury that the burden of proof was upon the plaintiff to show the defective condition of the walk, notice to the village, and that after such notice the village had had time to repair it. On the question of damages, the court gave certain requests which the defendant tendered, and fully and fairly covered the grounds of defense claimed.

It is said, however, that the court erred in permitting the plaintiff to exhibit her limb to the jury. There was no error in this. It was claimed by her that the swelling of the limb and cracking of the skin was the result of the injury, and that this condition was continuous down to the time of the trial. She was asked to exhibit the limb, that the jury might see its then condition. It was for this purpose only that the limb was exhibited to the jury. This was not improper, under the ruling of this Court in *Langworthy v. Township of Green*, 95 Mich. 93; *Graves v. City of Battle Creek*, Id. 266.

Defendant introduced testimony of physicians tending to show that the condition of the limb at the time of the trial was due to a disease called "eczema," and not to the injury; and the plaintiff called other physicians, who gave their opinions that the condition was the result of the injury. The court directed the jury that if they believed the infirmity existed prior to the injury, and the disease was only aggravated by the injury, the plaintiff could not recover; that the burden was upon the plaintiff to show that her limb was sound and well at the time of the injury. Dr. Ikeler was called as a witness for defendant. He had examined the limb some time prior to the trial, and testified that the left or injured limb was covered from the ankle to the knee with inflammatory eczema and enlarged veins; that the right limb was dry about the middle of the leg, and that he found an old cicatrix, left

by some former ulceration in that limb. Counsel for plaintiff asked to have stricken out what the physician said about former ulceration of the right limb. The court then asked, " You only judge by the appearance, I suppose?" and was answered in the affirmative. The court then struck out the answer. Witness was then asked what was the cause of the scar. This was objected to, and ruled out by the court. This was error. It was the vital question in the case whether the plaintiff was suffering from the injury received, or from the effect of disease, with which it was claimed she had formerly been afflicted. Her own physician testified that she had eczema, and the defendant contended that she had it before the injury. Dr. Ikeler was of the opinion that the scar upon the right leg was the effect of that disease before the injury, and the court should have permitted the defendant to make such proof as it could. The theory of the declaration and the tendency of the plaintiff's proofs was that the condition of the limb at the time of the trial was wholly due to the injury, and not to disease; and the defendant had a right to rebut it. The answer given and proofs offered had a tendency to contradict the plaintiff's claim.

Counsel, in opening the defense to the jury, stated that " the law does not require the village of Three Rivers—" when he was interrupted by plaintiff's counsel with the remark that the jury must take the law from the court; and the court interposed and said, " You have no right to state what the law is." This ruling is assigned as error. The court was in error in confining counsel to a bare statement of facts. While counsel have no right to read law to the jury or to usurp the province of the court in this respect, they have the undoubted right to state so much of the law, as they claim it to be, as may enable them to lay before the jury an intelligent idea of the force, effect,

and bearing of the testimony upon their case, either before or after the testimony is in the case. *Fosdick v. Van Arsdale*, 74 Mich. 305.

Some other errors are claimed, but we do not think they are likely to occur on another trial, and they will not be noticed.

For the errors pointed out the judgment must be reversed, and a new trial ordered.

HOOKER, C. J., McGRATH and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.