## THE PEOPLE v. WILLIAM KENNEDY.

*Liquor traffic—Failure to remove screens—Sufficiency of information—Public streets and alleys,*

1. In a prosecution for a violation of 3 How. Stat. § 2283f4, which provides that, during the time when places where liquor is sold or kept for sale must be closed, all curtains, screens, partitions, and other things that obstruct the view, from the sidewalk, street, alley, or road in front of or at the side or end of said building, of the bar or place in said room where said liquors are sold or kept for sale, shall be removed, an information which charges that the respondent, on a specified day, being an election day, was proprietor of and kept a saloon, in a specified village and county, where intoxicating liquors were sold at retail (designating the room and building in which the saloon was kept); that on said day the curtains, screens, partitions, and other things that obstructed the view, from the sidewalk and street and alley in front of and at the side of the building in which said saloon was, of the bar and place in said room where said liquors were sold and kept for sale, were not removed, but, on the contrary thereof, said respondent did then and there, as aforesaid, obstruct the view from said

sidewalk, street, and alley in front of and at the side of the building in which said saloon and room were, by not removing *said* curtains, screens, partitions, and other things that then and there obstructed the view as aforesaid—is sufficient, "said" curtains, screens, etc., being those of which it had been alleged in the previous part of the information that they obstructed the view of the bar and place in said room where liquors were sold and kept for sale.

2. It is not incumbent upon the prosecution in such a case to show the dedication of the street or alley, but it is sufficient if the fact appear that said street or alley was at the time open to the use of the general public.

Exceptions before judgment from Allegan. (Padgham, J.) Argued March 1, 1895. Decided April 16, 1895.

Respondent was convicted of a violation of the liquor law in not removing all curtains, screens, etc., that obstructed the view from the street of the bar where liquors were sold. Conviction affirmed. The facts are stated in the opinion.

*Horace H. Pope* (*H. Hart* and *E. J. Anderson*, of counsel), for respondent.

*Fred A. Maynard*, Attorney General, and *F. E. Fish*, Prosecuting Attorney, for the people.

MONTGOMERY, J. This is a prosecution for a violation of section 31 of the liquor law, being section 2283f4, 3 How. Stat. This section provides that—

"During the time when, by the provisions of this act, places where liquor is sold or kept for sale must be closed, all curtains, screens, partitions, and other things that obstruct the view, from the sidewalk, street, alley, or road in front of or at the side or end of said building, of the bar or place in said room where said liquors are sold or kept for sale, shall be removed. Any person who shall violate any of the provisions of this section shall, upon conviction thereof, be punished as provided in section 7 of this act."

Two questions are raised upon this appeal; the first as to the sufficiency of the information, and the second as to the sufficiency of the proof to sustain the information.

1. The information charged that the respondent, on the 2d day of April, 1894, that being election day,—

"Was proprietor of and kept a saloon where intoxicating liquors were sold at retail in a room in the rear of the office of the Sherman House Hotel, on Hubbard street, in the village of Allegan; that on said last-mentioned date, that being a day when, by the provisions of Act No. 313, Laws of 1887, said saloon was required to be closed, the curtains, screens, partitions, and other things that obstructed the view, from the sidewalk and street and alley in front of and at the side of the building in which said saloon was, of the bar and place in said room where said liquors were sold and kept for sale, were not removed; but, on the contrary thereof, the said William Kennedy did then and there, as aforesaid, obstruct the view from said sidewalk, street, and alley in front of and at the side of the building in which said saloon and room were, by not removing said curtains, screens, partitions, and other things that then and there obstructed the view from the street, sidewalk, and alley in front of and at the side of the building in which said saloon was then situated; contrary," etc.

It is said that this information is substantially in the same form as the complaint set out in *Robison v. Haug*, 71 Mich. 38, and of which Mr. Justice CAMPBELL said: "The complaint in question is not a good one." The majority of the Court in that case did not pass upon the sufficiency of the complaint, and it is true that Mr. Justice CAMPBELL did not deem the complaint a good one, but for what reason is not stated in the opinion. The complaint differs in some particulars from the information in question, and we cannot regard that case as controlling. It is a general rule that in a prosecution under a statute it is sufficient to charge the commission of the offense in the language of the stat-

ute.    See *People v. Taylor*, 96 Mich. 576; *Durand v.
People*, 47 Id. 332; *Rice v. People*, 15 Id. 9; How. Stat.
§ 9539; *People v. Wakely*, 62 Mich. 297.    The offense in
this case consists of the failure to remove the curtains,
screens, partitions, and other things that obstruct the
view from the sidewalk, street, or alley of the bar.    It
is very clear that the information charges that the cur-
tains,   screens,   partitions,   and   other   things   that
obstructed the view of the bar and place in said room
where said liquors were sold and kept for sale were not
removed.    We think it is also clear that it sufficiently
charges that the respondent was responsible for their
not being removed, as he, under the law, being the
keeper of the place, must have been.    It charges—
*First*, that he was the proprietor of and kept the saloon;
*second*, that he then and there obstructed the view from
the sidewalk, street, and alley by not removing said
curtains, screens, partitions, and other things that then
and there obstructed the view from the street, sidewalk,
and alley.    "Said" curtains, screens, etc., are those of
which it is alleged in the previous part of the informa-
tion that they obstructed the view of the bar and place
in said room where liquors were sold and kept for sale.
We think the information is sufficient.

2.  The reason alleged why the proofs were insufficient
is that the testimony tended to show that the alley, the
view from which was obstructed, was not a public place,
but private ground, and it is contended that the Legis-
lature meant by the word "alley" a public alley, similar
to a public street, and not a private passageway.    The
evidence tended to show that the alley, the view from
which was obstructed, had been in use by the public
for more than 20 years; that during all that time no
person was ever denied the right to travel over it on
foot or with teams.    It was used daily, and extensively,
and there was testimony to the effect that on some
days as many as 250 teams and persons passed over
it.    The circuit judge charged the jury as follows:

"Now, so far as this alley is concerned, gentlemen, I have charged you that it need not be a dedicated or public alley, but if you shall find from the evidence beyond a reasonable doubt that it is used by people whoever desire to use it, that people in general do use it when they want to, and you find it to be an alley under this evidence, that is a sufficient compliance with this statute that these screens shall not obscure the view from the alleys or the streets or the sidewalks. The object of this law, gentlemen, is that the officers of the town, and not only that, but that every person in town,—it is the privilege of every man or woman in the town passing along any street or sidewalk or alley, where they have a right to be, that they shall have an unobscured and unobstructed view into a saloon through the windows, if there are windows, so as to see whether or not the business is being carried on contrary to law. That is the object of it."

We think this instruction sufficiently guarded the rights of the respondent. The purpose of the statute is very clearly stated by the learned circuit judge, and under this instruction the respondent could not have been found guilty of the offense, unless the jury were satisfied beyond a reasonable doubt that it was a public alley in the sense that it had been thrown open to the public for general use. We think it is not incumbent upon the prosecution on the trial of a case of this character to show the dedication of the street or alley, but that it is sufficient if the fact appear that it is at the time open to the use of the general public.

The conviction will be affirmed, and the circuit judge directed to proceed to judgment.

LONG and HOOKER, JJ., concurred with MONTGOMERY, J. McGRATH, C. J., took no part in the decision. GRANT, J., did not sit.