## PEOPLE *v.* CARREL.[1]

INTOXICATING LIQUORS—OBSTRUCTING VIEW OF BAR—HOTELS.

> That a bar is in the same room as an hotel office does not take it out of 3 How. Stat. § 2283*f*4, requiring that all obstructions to the view from the street shall be removed during the times at which the law requires places kept for the sale of liquor to be closed.

Exceptions before judgment from Allegan; Padgham, J.   Submitted June 16, 1898.   Decided July 18, 1898.

Isaac W. Carrel and Chester Carrel were convicted of violating the liquor law, in that they obstructed the view of their bar from the street.   Conviction affirmed.

*Samuel D. Clay* and *David Stockdale* (*Everett D. Comstock*, of counsel), for appellants.

*Fred A. Maynard*, Attorney General, and *Fidus E. Fish*, Prosecuting Attorney, for the people.

[1] Rehearing denied September 27, 1898.

MOORE, J. The respondents are keepers of an hotel in Dorr, Allegan county, and are also engaged in the sale of intoxicating liquors. Their bar is upon one side of a barroom, which room is also used as the office of the hotel. This office has windows upon two sides, through which persons from the street could command a view of the bar. The respondents were convicted of having, between 9 o'clock at night and 7 o'clock in the morning, not removed the curtains, screens, partitions, and other things that obstructed the view, from the street, of the bar or place where the liquors were sold and kept for sale. After a trial they were found guilty, and bring the case here by appeal.

The only question involved in the case is whether, where a bar is kept in a barroom which is also used as an hotel office, the curtains or screens to the windows of such a room must be raised or removed so as not to obstruct the view of the bar, or place where the liquor is sold, from the street. Section 31, Act No. 313, Pub. Acts 1887 (3 How. Stat. § 2283f4), reads as follows:

"During the time when, by the provisions of this act, places where liquor is sold or kept for sale must be closed, all curtains, screens, partitions, and other things that obstruct the view, from the sidewalk, street, alley, or road in front of or at the side or end of said building, of the bar or place in said room where said liquors are sold or kept for sale, shall be removed. Any person who shall violate any of the provisions of this section shall, upon conviction thereof, be punished as provided in section seven of this act."

The language of the statute is plain, simple, and unambiguous. It does not make exception in favor of a barroom which is also used as an hotel office. The purpose to be accomplished by the statute is discussed in *People* v. *Kennedy*, 105 Mich. 75.

The conviction is affirmed.

The other Justices concurred.