PEOPLE *v.* SMITH.

1. INTOXICATING LIQUORS — INDICTMENT AND INFORMATION — COUNTS—ELECTION—RETURN OF JUSTICE.

The trial court, in a prosecution on an information embracing two counts, the first for selling intoxicating liquor to an habitual drunkard, and the second for selling to a posted person, was not in error in denying a motion to quash the information because the justice of the peace before whom respondent was examined refused to specify in his return on which count he bound over the accused, who, at the trial, asked for and obtained an election on which count the prosecutor proposed to proceed.

2. SAME—COMPLAINT—CRIMINAL LAW—PLEADING.

It was sufficient to charge the offense in the language of the statute creating the offense. 2 Comp. Laws, § 5391 (2 How. Stat. [2d Ed.] § 5067).

3. CRIMINAL LAW—TRIAL—REQUESTS—REFUSAL.

In marking respondent's requests to charge "refused, except as covered in the general charge," the circuit judge sufficiently complied with the statute which requires the court to mark such requests "given" or "refused," error being assignable on the charge and refusals to instruct without taking specific exceptions under Act No. 52, Pub. Acts 1901 (5 How. Stat. [2d Ed.] § 12960). See 3 Comp. Laws, § 10245 (4 How. Stat. [2d Ed.] § 11839).

4. SAME—TRIAL—OPENING STATEMENT—INTOXICATING LIQUORS.
    Upon the trial of a prosecution for selling liquor to an habitual drunkard, the court committed reversible error in refusing to counsel for respondent the privilege of stating his theory of the law to the jury in opening his defense.

Exceptions before sentence from Ingham; Wiest, J. Submitted June 13, 1913. (Docket No. 126.) Decided October 1, 1913.

William Smith was convicted of selling intoxicating liquor to an habitual drunkard contrary to statute. Reversed.

*Grant Fellows,* Attorney General, *Charles H. Hayden,* Prosecuting Attorney, and *William C. Brown,* Assistant Prosecuting Attorney, for the people.

*L. B. Gardner,* for respondent:

BROOKE, J. The information in this case contained two counts. Under the first the respondent was charged with having made an illegal sale of intoxicating liquor to one Edwin Bowman, a person in the habit of getting intoxicated. 2 Comp. Laws, § 5391 (2 How. Stat. [2d Ed.] § 5067). Under the second count respondent was charged (the same act being counted upon) with having made an illegal sale of intoxicating liquor to said Bowman; respondent having been theretofore—

"Forbidden in writing by Gottlieb Reutter, mayor of said city of Lansing, to sell, furnish, and give away any spirituous, malt, brewed, fermented, and vinous liquor to said Edwin Bowman."

The first assignment of error is based upon the refusal of the court to quash the information. Some 19 reasons were urged why the motion should be granted. We notice only two:

*First.* "Because the justice of the peace refused

to specify in his return to the circuit court upon which count of the complaint and warrant he would or did bind the respondent over to the circuit court upon."

It is respondent's contention that he should not have been held for trial upon both counts, citing *People* v. *Keefer,* 97 Mich. 15 (56 N. W. 105), and *People* v. *Rohrer,* 100 Mich. 126 (58 N. W. 661). Neither case is authority for the proposition stated. At the circuit respondent was entitled to have the prosecutor elect upon which count he would proceed, and this was done; the prosecutor designating the first count.

*Second.* "Because the complaint, warrant, and information do not charge the respondent with having sold intoxicating liquor to a person with intent to violate the law."

The information in the case at bar is essentially framed in the language of the statute creating the offense. In a prosecution under a statute it is sufficient, as a general rule, to charge the commission of the offense in the language of the statute. 3 Comp. Laws, § 11924 (5 How. Stat. [2d Ed.] § 15095); *People* v. *Kennedy,* 105 Mich. 75 (62 N. W. 1020), and cases cited.

Assignments of error numbered from 2 to 6, inclusive, relate to the admission or exclusion of evidence. We are of opinion that they are all without merit and require no discussion.

Assignments of error numbered from 8 to 27, inclusive, relate to the refusal of the court to charge as requested and to the charge as given. After a careful perusal of the charge, we conclude that it was a correct exposition of the law governing the case; that it covered all of respondent's requests which should have been given; and that it carefully preserved all of respondent's rights.

Assignment of error No. 28 is based upon the fact

that the trial judge marked the requests of respondent, "Refused except as covered in the general charge," instead of marking each request "refused" or "given," as required by the statute. 3 Comp. Laws, § 10245 (4 How. Stat. [2d Ed.] § 11839). We think what was done a sufficient compliance with the statute, in view of the fact that error may now be assigned upon the charge or refusal to charge, without the necessity of taking an exception. Act No. 52, Pub. Acts 1901 (5 How. Stat. [2d Ed.] § 12960).

This leaves for discussion only assignment of error No. 7, which is based upon the following occurrence during the trial: In opening for the defense counsel said:

*"Mr. Gardner:* May it please your honor and gentlemen of the jury, this is a charge made under a certain statute which makes it a misdemeanor for a person who is engaged in the sale of intoxicating liquors to sell to a person who is in the habit of getting intoxicated. There are some questions stated here about a notice. The count in reference to that has been eliminated by his honor and the prosecuting officer. So the only question that comes before you is: Did William Smith, the respondent, on the 7th day of September last, sell intoxicating liquors to this man, Edwin A. Bowman? The question further is: If he did, was he a person in the habit of getting intoxicated? Now, in order for me to state clearly the facts that we will bring out in the defense, it is proper for me to state to you what I understand the law to be in reference to that, so as to direct your attention specifically to the facts, and by and by his honor will tell you just what the law is, and it is for him to tell you.

*"The Court:* I think, Mr. Gardner, that in your opening statement of what you expect to prove you should confine yourself to a statement of the facts you expect to prove. It is not necessary at this time to state any law.

*"Mr. Gardner:* Well, isn't it necessary, if your honor will bear with me, I have a right to state, have

I not, what it is necessary for the prosecutor to prove, and then we will state what we expect to prove as a refutation of it?

"*The Court:* You should confine yourself at this time to a statement of the evidence you intend to offer.

"*Mr. Gardner:* I would like to note an exception to that.

"*The Court:* This is not an argument.

"*Mr. Gardner:* No.

"*The Court:* You may state to the jury the facts you expect to show."

This ruling, it is insisted on the part of respondent, constitutes reversible error.

Three cases are cited and relied upon: *Fosdick* v. *Van Arsdale*, 74 Mich. 302 (41 N. W. 931); *Prentis* v. *Bates*, 93 Mich. 234 (53 N. W. 153, 17 L. R. A. 494); and *Edwards* v. *Three Rivers Common Council*, 96 Mich. 625 (55 N. W. 1003). In the first of these cases, as in the case at bar, counsel for defendants—

"Proceeded to state the defendants' case to the jury and during the opening proceeded to state the law governing the defendants' case, and upon which the defense was based, whereupon the counsel for the plaintiff interposed an objection, and the said court sustained the objection, stating that the law would come from the court in due time."

Error having been assigned upon this ruling, this court, speaking through Justice MORSE, said:

"We are not able, from this meager statement in the record, to know whether error was committed or not by this action of the circuit judge. But counsel have the right in stating their case to the jury at the opening to briefly set forth what points of the law they rely upon, and the nature of the testimony they propose to introduce to support such points. It is true the law is to be given by the court; but, as it is not given in most cases until the testimony is ended, and the counsel have summed the same up in support of their case before the jury, the counsel

have the right, both in opening the case to the jury, before the testimony to support their case is offered, and when closing the argument, after the testimony is in, to state to the jury that they claim the law to be thus and so, and that they shall request the court to so instruct them. * * * They have the undoubted right to state so much of the law, as they claim it to be, as may enable them to lay before the jury an intelligent idea of the force, effect, and bearing of the testimony upon their case, either before or after said testimony is in the case."

In the case of *Prentis* v. *Bates, supra,* counsel had been permitted in his opening statement to the jury to state his views upon the law. It was urged in this court that the privilege had been abused and that the law as stated by counsel was not sound. Justice MONTGOMERY, speaking for the court, said that it was evident counsel had acted in the utmost good faith, and, under the authority of *Fosdick* v. *Van Arsdale,* was within his rights. He adds:

"Nothing short of bad faith or a gross misconception of what is admissible, resulting in bringing to the attention of the jury matters wholly irrelevant, and of a nature calculated to create so profound an impression that the charge of the court cannot eliminate the prejudice produced, will justify an appellate court in vacating a judgment on such grounds."

The case of *Edwards* v. *Three Rivers Common Council, supra,* follows and quotes from *Fosdick* v. *Van Arsdale,* and the case was reversed because of two errors, one of which was the ruling of the trial court that counsel should not "state what the law is."

In the case of *Scripps* v. *Reilly,* 38 Mich. 10, this court held the opening to have been so unfair and unjust as to constitute legal error; but in *Porter* v. *Throop,* 47 Mich. 313 (11 N. W. 174), it was held, though with apparent difficulty, that the opening argument, though erroneous, did not justify a reversal. In that case Justice COOLEY said:

"We agree that the trial court must in its discretion supervise the opening of the case by counsel, and that in general a judgment is not to be disturbed merely because in our opinion the course which the opening was suffered to take was calculated to do injustice. In a variety of cases the action of the trial court must be final even when we are satisfied it is wrong; for the simple reason that in such cases the final decision is left by the law to that court."

The rule may be deduced from the foregoing excerpts and it requires no restatement here. There can be no doubt that it was violated in the case at bar. The right and duty of the trial court, in the exercise of a sound discretion, to supervise and control statements of counsel is not questioned.

The conviction is set aside, and a new trial granted.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.