PALLAS *v.* CROWLEY-MILNER & COMPANY.

1. TRIAL—OPENING STATEMENT—STATEMENT OF CLAIM OF LAW.
    Trial court's restrictive ruling upon plaintiff's attorney in his
    opening statement wherein he attempted to tell jury what
    the court's instructions would be and what the law was did
    not result in error, where the attorney was permitted to
    state his claim of the law in the opening statement.

2. TORTS—INSTRUCTIONS—DIRECTED VERDICT—INVASION OF PRIVACY
    —PUBLICATION OF LIKENESS.
    Instructions amounting to a directed verdict for plaintiff were
    properly denied in her action for damages for alleged un-
    authorized publication of her photograph, where a question
    of fact was presented as to whether there had been an
    unreasonable and serious interference with her right of
    privacy by testimony showing that picture in question was
    taken by a commercial photographer at the instance of her
    employer for publicity purposes in connection with her
    employment as a show girl and that it was available, with
    her consent, to the photographer, with whom she had regis-
    tered as a photographic model, in an effort to get a start
    as a model.

3. SAME—INVASION OF PRIVACY—WAIVER.
    Whether or not an invasion of plaintiff's right of privacy
    was waived may depend on whether she had in any par-
    ticular or degree abandoned her strictly private character
    and waived to any extent the right to absolute privacy when
    seeking damages solely for an invasion of her right of
    privacy.

REFERENCES FOR POINTS IN HEADNOTES
[2–4, 6] 41 Am Jur, Privacy § 18 *et seq.*
[2–4, 6] Right of privacy.  138 ALR 22; 168 ALR 446; 14 ALR2d
750.

4. SAME—PUBLICATION OF LIKENESS OF SHOW GIRL—INVASION OF PRIVACY.

Fact that plaintiff was a professional show girl or model was evidence that she had abandoned her strictly private character and justified jury in finding that commercial use of her picture in connection with advertising cosmetics was not a serious or unreasonable invasion of her right of privacy.

5. SAME—INVASION OF PRIVACY—INSTRUCTIONS—DAMAGES.

Court's instruction to jury in action for invasion of plaintiff's right of privacy caused by unauthorized publication of her photograph *held,* free from prejudicial error in respect to damages, when taken as a whole, and not contradictory and ambiguous, as claimed.

6. SAME—INVASION OF PRIVACY—UNAUTHORIZED PUBLICATION OF PHOTOGRAPH.

The unauthorized publication of plaintiff's likeness in connection with the sale of cosmetics, did not, under circumstances presented, constitute a serious or unreasonable invasion of her privacy as a matter of law.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 3, 1952. (Docket No. 1, Calendar No. 45,192.) Decided September 3, 1952.

Action by Bernice Pallas against Crowley-Milner & Company, a Michigan corporation, for damages caused by unauthorized publication of photograph. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Donald W. Grant* (*Jack Newcombe,* of counsel), for plaintiff.

*Dykema, Jones & Wheat,* for defendant.

DETHMERS, J. This case makes its second appearance here. Previously we reversed the trial court's order dismissing plaintiff's declaration and remanded the cause for trial. 322 Mich 411. Plaintiff now

appeals from judgment for defendant entered upon a verdict of no cause for action.

Suit was brought for damages allegedly occasioned by claimed interference with plaintiff's right of privacy by means of publication of her picture in a newspaper advertisement of certain cosmetics without her previous knowledge or consent. Some of the facts may be gathered from our previous opinion. Others will be mentioned in discussion of the questions to which they are pertinent.

Plaintiff first assigns as error the court's claimed refusal to permit her attorney to state his theory of the law in his opening statement to the jury, citing *Fosdick* v. *Van Arsdale,* 74 Mich 302; *Edwards* v. *Common Council of Village of Three Rivers,* 96 Mich 625; *People* v. *Smith,* 177 Mich 358; *Prentis* v. *Bates,* 93 Mich 234 (17 LRA 494); *People* v. *Lee,* 258 Mich 618. Examination of the record discloses that counsel attempted to tell the jury what the court's instructions would be and, next, what the law was; that, upon defendant's objection thereto and insistence that plaintiff's attorney limit himself to a statement of what he claimed the law to be, the court ruled that counsel might state his claim accordingly, but not *argue* the law in his opening statement. The effect of the court's ruling was not contrary to the cited cases inasmuch as it did not deprive plaintiff's attorney of the right to state his claim of the law in his opening statement.

Plaintiff made a request to charge, the substance of which was given except for statements therein contained that "defendant is liable to plaintiff in money damages" and "plaintiff is entitled to an award of 'substantial' damages." Instructions to that effect, amounting to a directed verdict for plaintiff, were properly denied because inconsistent with the holding of our previous opinion that plaintiff's right to recover depends upon showing, as a matter

of fact, an unreasonable and serious interference with her right of privacy. On that point a question of fact was presented by testimony showing that the picture in question was taken by a commercial photographer at the instance of plaintiff's employer for publicity purposes in connection with her employment as a show girl and that it was available, with plaintiff's consent, to the photographer, with whom she had registered as a photographic model, in an effort to get a start as a model.

Plaintiff complains of the court's submission to the jury of the question of her waiver of the right to privacy. In this connection it must be observed at once that the case at bar does not involve libel or slander nor is it an action for compensation for the unlawful taking or use of plaintiff's property right in the appearance of her face or features or in the picture itself. Not in point, therefore, are the holdings in cases of that character to the effect that a waiver for 1 purpose or. to 1 class or individual does not constitute a waiver for all purposes and to all classes and individuals. Here action is brought solely for damages claimed to have resulted from invasion of plaintiff's right of privacy. As we held when the case was here before, recovery is dependent upon a showing of an unreasonable and serious interference with that right. Whether a claimed interference therewith is in fact unreasonable or serious may well depend on whether plaintiff had in any particular or degree abandoned her strictly private character and waived to any extent the right to absolute privacy. The testimony in the case warranted submission to the jury of the question of whether plaintiff had cast aside the cloak of privacy of the ordinary, private person, embraced a public or professional role as show girl or model and thereby waived her right to be free from an invasion of privacy which the jury evidently found, under appro-

priate instructions, to be neither serious nor unreasonable.

With regard to plaintiff's complaint that the court's charge in respect to damages was contradictory and ambiguous, we think that, taken as a whole, it fully and fairly stated the law applicable to the case, and was free from prejudicial error.

Other claims of error in the charge of the court or in admission of testimony are founded on plaintiff's concept of an absolute liability for the unauthorized publication of her picture. Such is not the rule announced in our previous decision.

Affirmed, with costs to defendant.

BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.