## PEOPLE v. HOLMES.

1. TRIAL—ATTORNEY'S ARGUMENT TO JURY.
   An attorney does not have the right to read law to the jury but does have the right to argue his theory of the law.

2. SAME—ARGUMENT TO JURY—ALCOHOL CONTENT OF BLOOD.
   It was not reversible error for prosecuting attorney to argue to the jury in prosecution for manslaughter by defendant motorist that if there was more than .15% alcohol in defendant's blood at time of the accident in which another motorist was killed, defendant was presumed to be under the influence of intoxicat-

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 494.
   Counsel's right in criminal prosecution to argue law or to read lawbooks to the jury. 67 ALR2d 245.
[2] 53 Am Jur, Trial §§ 460, 463; 20 Am Jur, Evidence §§ 12, 876, 1203.
[3] 53 Am Jur, Trial §§ 579, 580.
[4] 20 Am Jur, Evidence § 532 *et seq.*

ing liquor, where there was testimony by State health department chemist that sample of blood taken from defendant about 4 hours after the accident showed .12% and opinion testimony that as of time of accident defendant's blood would have contained .18% alcohol (CL 1948, § 750.321; CLS 1961, § 257-.625a).

3. CRIMINAL LAW—MANSLAUGHTER—ALCOHOL CONTENT OF BLOOD.
Instructions to jury in prosecution of motorist for manslaughter, relative to presumptions arising from blood alcohol test which were limited to alcohol content of .05% or less and to content of .05% to .15% did not contain reversible error, so far as defendant is concerned, where the testimony on the subject was from a State health department chemist who stated that sample taken from defendant about 4 hours after accident in which another motorist was killed contained .12% and that in chemist's opinion defendant's blood would have contained .18% at time of accident, where statute relative to such test provided that if test showed alcohol content of between .05% and .15% the jury could consider such fact along with other competent evidence in determining guilt or innocence of accused (CL 1948, § 750.321; CLS 1961, § 257.625a).

4. SAME—CONFESSION—VOLUNTARINESS—EVIDENCE.
Determination as to voluntariness of confession is not a ground for remanding prosecution for manslaughter, where the confession was not admitted in evidence.

Appeal from Superior Court of Grand Rapids; Vander Ploeg (Claude), J. Submitted Division 3 November 3, 1965, at Grand Rapids. (Docket No. 368.) Decided February 9, 1966.

J.C. Holmes was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Norman K. Kravitz,* Assistant Prosecuting Attorney, for the people.

*Warner, Norcross & Judd (Wallson G. Knack,* of counsel), for defendant,

BURNS, J. The defendant, J. C. Holmes, was convicted of manslaughter[1] resulting from an automobile collision in which two persons were killed.

The defendant was driving in a residential section of Grand Rapids at approximately 10 p.m., on March 29, 1964, when a police cruiser, noting the excessive speed and the lack of any lights on defendant's automobile, started to pursue him. The defendant, while attempting to elude the police, ran through a red traffic control signal, accelerated to speeds in excess of 70 miles per hour, ran through a second red traffic control signal, and collided with an automobile driven by Christine Cooper, killing her instantly.

The defendant fled the scene of the accident on foot, but was later apprehended at his home. A blood test to which the defendant consented was taken 4 hours after the accident and indicated an alcoholic content of 0.12%.[2]

At the trial, Mr. John R. Matthews, an employee of the Michigan department of health, a chemist, testified the defendant's blood contained 0.12% alcohol at the time the test was made. Over the objection

[1] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).—REPORTER.

[2] The pertinent statute in effect at the time of the accident, PA 1960, No 148 (CLS 1961, § 257.625a (Stat Ann 1963 Cum Supp § 9.2325[1])) states:

"The amount of alcohol in such person's blood * * * shall be admissible and shall give rise to the following presumptions, * * *

"(a) If there was at that time 0.05% or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor;

"(b) If there was at that time in excess of 0.05% but less than 0.15% by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant;

"(c) If there was at that time 0.15% or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor; however, such presumption shall be subject to rebuttal."

See, currently, CLS 1961, § 257.625a, as amended by PA 1964, No 104 (Stat Ann 1965 Cum Supp, § 9.2325[1]).

of defendant's attorney, he was asked to give his opinion as to what the alcoholic content of defendant's blood would have been at the time of the accident, 4 hours prior to the test. The witness stated that in his opinion the defendant's blood would have contained 0.18% alcohol at the time of the accident.

A police officer testified to a certain conversation with the defendant which was reduced to writing and signed by the defendant. At the time of the trial the confession was identified by the officer and offered in evidence. The defense attorney objected to its admission and the jury was excused while counsel argued the point. The court sustained the objection by the defense attorney and the confession was not admitted.

The defendant appeals, claiming the trial court erred: (1) in permitting the prosecuting attorney to argue that the defendant was presumed to be under the influence of intoxicating liquor at the time of the accident; (2) in instructing the jury concerning all presumptions under the statute when the blood test showed the weight of alcohol in defendant's blood was 0.12%. Lastly, defendant claims that because of the testimony of the police officer before the jury concerning his conversation with the defendant, the case should be remanded to the circuit court to determine the voluntariness of the signed statement in the light of the case of *People* v. *Walker* (1965), 374 Mich 331.

The prosecutor did argue to the jury that if there was more than 0.15% alcohol in the defendant's blood at the time of the accident, he was presumed to be under the influence of intoxicating beverages. This argument was based on the testimony of the employee of the State health department.

An attorney does not have the right to read law to the jury, *but he does have the right to argue his theory of the law.* See *Fosdick* v. *VanArsdale*

(1889), 74 Mich 302; *Pallas* v. *Crowley-Milner Co.* (1952), 334 Mich 282.

Considering the second contention advanced by the defendant, a complete reading of the record indicates that the trial judge did *not* instruct the jury concerning all of the presumptions under the statute as claimed by the defendant. The judge gave only the instructions under 1(a) and 1(b). Therefore, this claim of error is unwarranted.

Regarding the defendant's third contention, the statement was not admitted in evidence and the *Walker Case* does not apply.

The judgment of conviction is affirmed.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.