PEOPLE *v.* JUNE

1. TRIAL—ATTORNEY'S CONDUCT—READING LAW TO JURY.
   Attorneys have no right to read law to the jury; however, they are entitled to argue their theory of the case even though this necessitates occasional reference to the applicable law.

REFERENCES FOR POINTS IN HEADNOTES
[1–3]  53 Am Jur, Trial § 494.
[4]  41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[5]  5 Am Jur 2d, Appeal and Error § 545.
[6]  31 Am Jur 2d, Expert and Opinion Evidence §§ 24–32.

2. TRIAL—ATTORNEY'S CONDUCT—READING LAW TO JURY.

> Rule prohibiting counsel from reading law to the jury not only establishes a standard of propriety separating the impartial role of the judge from the adversary roles of counsel but also insures that the judge's role in instructing the jury is not usurped by counsel, thereby destroying the impartiality of the forum.

3. TRIAL—ATTORNEY'S CONDUCT—PROSECUTOR'S REMARKS—READING LAW TO JURY—NEGLIGENT HOMICIDE.

> Prosecutor's reading to the jury a portion of the negligent homicide statute, to clarify what he claimed was a misstatement of law by the defense counsel, although possibly improper, was not reversible error where the judge properly instructed the jury on negligent homicide and the defendant neither objected to the reading nor demonstrated how the prosecutor's action prejudiced him.

4. INDICTMENT AND INFORMATION—WITNESSES—INDORSEMENT—UN-IDENTIFIED WITNESSES.

> A prosecutor has no duty to indorse the names of witnesses whose identity he does not know.

5. INDICTMENT AND INFORMATION—WITNESSES—RES GESTAE WIT-NESSES—INDORSEMENT—NONPRODUCTION—APPEAL AND ERROR.

> Issue of prosecution's failure to indorse res gestae witnesses and to produce them at trial will not be heard on appeal where defendant knew of the failure at trial and no objection was made.

6. WITNESSES—EXPERT WITNESSES—QUALIFICATIONS—POLICE OFFI-CER—NEGLIGENT HOMICIDE—AUTOMOBILES—POINT OF IMPACT.

> Police officer who investigated the negligent homicide accident with which defendant was charged was properly held to have been qualified to give his opinion as to the point of impact where he had been a member of the county sheriff's department for two years, had investigated more than 100 accidents, and had received training in accident investigations while attending the police academy.

Appeal from Lapeer, Norman Baguley, J. Submitted Division 2 May 4, 1971, at Lansing. (Docket No. 9460.) Decided June 22, 1971.

Merritt LaRue June was convicted of negligent homicide. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John Spires,* Prosecuting Attorney, for the people.

*Carl L. Bekofske,* for defendant.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J.   On February 17, 1970, a jury in Lapeer County convicted the defendant on the charge of negligent homicide.[1]

At approximately 9:00 a.m. on the morning of June 24, 1969, the defendant was involved in an accident near the intersection of highway M-24 and Dockham Road.   Two eyewitnesses testified that defendant's car was traveling in the southbound lane of highway M-24 and rapidly came upon a white Chevrolet which was proceeding slowly in the same lane.   Defendant swerved abruptly into the northbound lane as if to avoid the white Chevrolet and struck a northbound car driven by Robert McLandress, who died as a result of injuries sustained in the collision.

Defendant argues that the prosecutor committed reversible error by reading the applicable statute to the jury.   A review of the record reveals that the prosecutor did read a portion of the negligent homicide statute in order to clarify what he claimed was a misstatement of law by defense counsel.   The prosecutor's reading followed a brief conference with the judge.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.324 (Stat Ann 1971 Cum Supp § 28.556).

It has long been the law of Michigan that it is improper for counsel to read law to the jury, but that counsel are entitled to argue their theory of the case, even though this necessitates occasional reference to the law of the case. In *Fosdick* v. *Van Arsdale* (1889), 74 Mich 302, 305, the Supreme Court held flatly "the counsel have no right to read law to the jury". See, also *People* v. *Holmes* (1966), 2 Mich App 283; *People* v. *Robinson* (1924), 228 Mich 64; and *People* v. *Smith* (1913), 177 Mich 358. This rule establishes a standard of propriety separating the impartial role of the judge from the adversary roles of counsel. It ensures that the role of the judge in instructing on the law is not usurped by counsel, thereby destroying the impartiality of the forum. See, *e.g., People* v. *Montague* (1888), 71 Mich 447, 457; and *People* v. *Lambath* (1941), 297 Mich 349.

It might well have been a better practice for the learned trial judge to have read the law himself to settle the dispute between counsel as to the appropriate statutory degree of negligence. While the prosecutor's action may have been improper, defendant neither made timely objection to the action complained of nor has he demonstrated that the prosecutor's action in any way prejudiced him. Moreover, the record reveals that the trial judge properly instructed the jury on the law in his charge in chief. In view of these circumstances we conclude that no reversible error in this regard was committed.

The prosecutor was unable to locate the occupants of the white Chevrolet. Defendant contends that the state's failure to indorse the names of these witnesses on the information and failure to exercise due diligence in locating them are grounds for reversal. The prosecutor has no duty to indorse the

names of witnesses whose identity he does not know. *People* v. *Loggins* (1969), 17 Mich App 388. Moreover, the record reveals that the prosecutor attempted to locate the occupants of the Chevrolet and that two other eyewitnesses to the accident testified at trial. On trial defendant's counsel made no objection to the prosecution's failure to indorse the names of the witnesses or his failure to exercise due diligence in searching for them. When the failure of the prosecution to indorse *res gestae* witnesses and produce them at trial is known to the defendant and no objection is made, the issue will not be considered on appeal. *People* v. *Kaczor* (1968), 14 Mich App 724; *People* v. *Tiner* (1969), 17 Mich App 18; *People* v. *Rasmus* (1967), 8 Mich App 239; and *People* v. *Robert Robinson* (1971), 30 Mich App 48.

Defendant claims that the officer who investigated the accident was not properly qualified to give his opinion as to the point of impact. Determination of whether a witness is qualified is for the trial court, and will be reversed only for abuse of discretion. *People* v. *Charles Wilson* (1970), 27 Mich App 171; and *Cusumano* v. *The Stroh Brewery Co.* (1970), 26 Mich App 549. The investigating officer had been a member of the Lapeer County Sheriff's Department for two years, had investigated more than 100 accidents, and had received training in accident investigation while attending the Flint Police Academy. See *Dudek* v. *Popp* (1964), 373 Mich 300, 307.

There was no error.

Affirmed.

All concurred.