## PEOPLE v SIMS

1. Searches and Seizures—Constitutional Law—Warrants—Cir-
   cumstances—Reasonableness—Weapons— Prudent Person.

   The reasonableness of a search and seizure without a warrant is
   to be considered in light of the facts, circumstances, and
   information known to the arresting officer at the time of the
   seizure; a search without warrant for concealed weapons was
   proper where there were sufficient and articulable facts to lead
   a reasonable, discreet and prudent person to believe that the
   person searched was carrying a concealed weapon, warranting
   the only further intrusion made, examining the contents of a
   box in the suspect's possession which was labeled as containing
   a gun.

2. Witnesses—Criminal Law—Res Gestae Witnesses—Indorsement
   —Prosecutors—Due Diligence—Policemen—Cumulative
   Testimony.

   The obligation of a prosecutor to use due diligence in the indorse-
   ment and presentation of res gestae witnesses extends to police
   officers involved in a criminal investigation, but the production
   of a res gestae witness whose identity was unknown, whose
   non-production at trial did not appear to result from any lack
   of good faith on the part of the prosecutor, and whose testi-
   mony would have been merely cumulative was not necessary.

3. Appeal and Error—Briefs—Authority—Policy—Support—
   Abandonment.

   An issue which is raised on appeal but which is not substantiated
   by brief, by presented authority or by presented policy reasons
   is considered abandoned and will not be heard.

References for Points in Headnotes
[1] 68 Am Jur 2d, Searches and Seizures § 2 *et seq.*
[2] 58 Am Jur, Witnesses § 240.
[3] 5 Am Jur 2d, Appeal and Error § 915.
[4, 5] 79 Am Jur 2d, Weapons and Firearms §§ 8–23.
   Offense of carrying concealed weapons as affected by manner of
   carrying or place of concealment. 43 ALR2d 492.

4. CRIMINAL LAW—CARRYING CONCEALED WEAPON—ATTEMPTS—
   LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY—EVIDENCE.
   There is no such crime as attempted carrying of a concealed
   weapon and a court properly refused to instruct a jury on this
   crime as a lesser included offense of carrying a concealed
   weapon where there was no evidence to support it presented at
   trial.

5. CRIMINAL LAW—CARRYING CONCEALED WEAPON—LESSER INCLUDED
   OFFENSES—POSSESSION OF FIREARMS—INSTRUCTIONS TO JURY—
   PRESERVING QUESTION—COURT RULES.
   Failure of a court to instruct a jury that a defendant charged
   with carrying a concealed weapon could be found guilty of
   possession of a firearm while under the influence of alcohol or
   drugs was not error where the issue was not raised at trial and
   there was no objection to the failure to so instruct (GCR 1963,
   516.2).

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted April 10, 1975, at Lansing. (Docket No.
20102.) Decided July 21, 1975.

Calvin Sims was convicted of carrying a con-
cealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief,
Appellate Division, and *F. Jack Belzer,* Assistant
Prosecuting Attorney, for the people.

Calvin Sims, *in propria persona.*

Before: V. J. BRENNAN, P. J., and D. E. HOL-
BROOK and M. F. CAVANAGH, JJ.

D. E. HOLBROOK, J. Defendant was jury convicted
of the crime of carrying a concealed weapon, con-
trary to MCLA 750.227; MSA 28.424, in the circuit
court of Genesee County. On February 26, 1974, he

was sentenced to a term of from 2 to 5 years in prison. He now appeals as of right.

The records disclose that Michael Victor Ahearne, a Flint police officer, went into the Thoroughbred Club on the night of September 24, 1973. Ahearne was dressed in his regulation police uniform. The purpose of Ahearne's being in the Thoroughbred Club was to search for an armed robbery suspect. Ahearne was accompanied by two detectives from the Flint Police Department, Ronald Eaton and Gerald Dickenson. There were also two Federal officers with Ahearne.

Ahearne noticed defendant because of a box he was holding in his hand. This box was recognized by Ahearne as a Smith and Wesson pistol box. Defendant started walking towards the back of the pool hall. After walking to the back of the pool hall, defendant stood alongside an unidentified person, at which time he put the box in his pocket. Ahearne approached defendant and told him to turn around and put his hands on the wall. Ahearne testified that he could see that written on the box was "Smith and Wesson .38 chief's special". Upon taking the box out of defendant's pocket and opening it, Ahearne found a loaded .38 chief's special.

At the time of defendant's arrest there were 15 to 20 persons in the building. Ahearne did not ask for, nor did he receive, identification from most individuals, nor did he identify the person who stood next to defendant at the rear of the room.

Previous to the hearing on December 7, 1973, the prosecutor indorsed the name of Milton Henry, Jr., who had been observed and recognized by Officer Ahearne. Defense counsel sought to have the unknown individual next to whom defendant stood at the rear of the room indorsed on the

information. The identity of this individual was unknown to the prosecutor, the police, defense counsel and the defendant. Defense counsel did have the first name of an individual that defendant was playing pool with and suggested the police might learn the name of the unknown individual from him. The prosecutor reported to the court that the person who had been playing pool with the defendant had been produced, and that he did not know the identity of the missing individual. There was no showing by defense counsel that any known res gestae witness was not indorsed by the prosecutor.

The defendant raises issues which we discuss as follows.

## I

*Was the search and seizure in the instant case a legal search and seizure?*

Defendant asserts that when the search was made, the arresting officer did not have specific and articulable facts which warranted the intrusion into the defendant's person and property. The plain view of the box was not reasonable grounds to believe that defendant was carrying a concealed weapon, even if the box had on it "Smith and Wesson".

It has been held that where there is probable cause to believe an automobile contains the fruits of a crime, and defendant is in close proximity to the original suspicions of wrongdoing, a search and seizure without a warrant is appropriate and reasonable. *People v Elaman,* 51 Mich App 55; 214 NW2d 557 (1974). Here, the situation is similar in that the container clearly labeled its contents and

the defendant had the container clearly in his possession.

Reasonableness is to be considered in the light of the facts, circumstances and information known to the officer at the time of the arrest and seizure. *People v 7th District Judge,* 55 Mich App 471; 222 NW2d 778 (1974). In the light of the surrounding circumstances, not disputed by the defendant, there were sufficient specific and articulable facts to lead a reasonable, discreet and prudent person to believe that defendant was carrying a concealed weapon, warranting the only further intrusion made, examining the contents of the box which purported to contain a gun. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). No error was made by the trial court's allowing the introduction of the evidence.

## II

*Did the trial court err in refusing to require the indorsement of an unknown, unidentified individual standing next to him when he was arrested for carrying a concealed weapon?*

The obligation of the prosecutor to use due diligence in the indorsement and presentation of witnesses extends to the police officers at the time of the arrest or thereafter. MCLA 767.40; MSA 28.980, *People v June,* 34 Mich App 313; 191 NW2d 52 (1971), *People v Frank Johnson,* 58 Mich App 1; 226 NW2d 730 (1975). But there is a long standing exception to the requirement of indorsement and production of res gestae witnesses when their testimony would be merely cumulative. Also, the alleged witness the defendant refers to in this case was unknown to the prosecutor. MCLA 769.26; MSA 28.1096, *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), GCR 1963, 529.1. In the

instant case all of the facts surrounding the alleged crime, the seizure of the evidence and the arrest of the defendant were fully testified to by the arresting officers and by defendant. The missing alleged res gestae witness could not add anything, subtract anything, or change anything, even if he had actually observed the occurrence. Defendant's testimony surrounding what happened at this arrest was precisely the same as the testimony of the prosecution witnesses. *People v James,* 51 Mich App 777; 216 NW2d 473 (1974), *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). In addition, nothing in the record indicates any lack of good faith on the part of the prosecutor.

## III

We refuse to discuss issue III because of the failure of defendant to brief, present authority, or present policy reasons in substantiation of the issue. This constitutes an abandonment of the claimed issue. *People v Killingbeck,* 49 Mich App 380; 212 NW2d 256 (1973), *People v Heard,* 31 Mich App 439; 188 NW2d 24 (1971), *rev'd,* 388 Mich 182; 200 NW2d 73 (1972), *Mitcham v Detroit,* 355 Mich 182; 94 NW2d 388 (1959).

## IV

*Did the trial court commit reversible error by refusing to instruct the jury on the lesser included offense of attempted carrying of a concealed weapon?*

Although it has been held that there is no such crime as attempted carrying of a concealed weapon, *People v Pickett,* 21 Mich App 246; 175 NW2d 347 (1970), we do not base our ruling on

this issue on that premise. Under the facts in this case, the defendant either did or did not commit the substantive crime. Defendant himself admitted that he had possession of the gun, his only defense being that he did not know a gun was in fact concealed within the box. Thus, an attempt to commit the substantive crime is precisely the opposite of the defense advanced by the defendant at trial. Therefore, there was no evidence to support the theory of attempt to carry a concealed weapon and the trial court was correct in declining to instruct the jury on attempt.

## V

*Defendant alleges error in the trial court's failure to instruct the jury that they could find the defendant guilty of being in possession of a firearm while under the influence of alcohol or drugs.*

This issue was not raised below, nor was there an objection to the failure to instruct, as required by GCR 1963, 516.2. In addition to the said instruction being inappropriate, the defendant has not properly preserved this issue on appeal.

Affirmed.