ALDERMAN v SHIAWASSEE COUNTY SHERIFF

1. CRIMINAL LAW—ARREST RECORDS—FAILURE TO CHARGE—ACQUITTAL OF CHARGE—STATUTES—RETURN OF RECORDS—WRIT OF MANDAMUS.

   A sheriff is required to fingerprint any person arrested for a felony or a misdemeanor punishable by imprisonment for more than three months or a fine of over $100, but where the arrested person is released without charge, the prints and records must be immediately returned without request or the accused shall have the absolute right to demand and receive such return without need to petition for court action; when the person arrested is charged and subsequently found not guilty of the offense, the trial court is required to order the return of his prints and arrest records or the accused shall have the absolute right to such return, upon request, at any time after such acquittal, if necessary, by writ of mandamus (MCLA 28.243; MSA 4.463).

2. CRIMINAL LAW—STATUTES—ARREST RECORDS—RETURN OF RECORDS—COURT ORDERS—REQUEST FOR RETURN.

   A court order for the return of the fingerprint and arrest cards of an individual who was subsequently not charged with the crime or acquitted of the charge is not required by a statute on the subject unless the individual has first made a request for their return and the return has been refused by the law enforcement official holding the records (MCLA 28.243; MSA 4.463).

3. CONSTITUTIONAL LAW—RIGHT TO PRIVACY—ARREST RECORDS—RETURN OF RECORDS—SUBSEQUENT CONVICTION.

   The right to privacy creates significant restrictions on the retention of arrest records, but an individual, after conviction, has no claim based upon privacy to the return of arrest records.

Appeal from Shiawassee, Peter J. Marutiak, J. Submitted November 6, 1975, at Lansing. (Docket No. 23446.) Decided January 8, 1976.

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law § 369.

Complaint by Douglas Alderman, Gary Bartlett, Richard L. Buchele, Jerry Carpenter and Thomas W. Fultz against the Shiawassee County Sheriff seeking the return of arrest and identification records. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Shanahan & Scheid,* for plaintiffs.

*Gerald D. Lostracco,* Prosecuting Attorney, and *R. Scott Ryder,* Assistant Prosecutor, for defendant.

Before: ALLEN, P. J., and BRONSON and R. M. MAHER, JJ.

PER CURIAM. Plaintiffs, claiming to represent a class of similarly situated individuals, brought suit against defendant seeking the return of arrest records and identification materials. The Shiawassee Circuit Court dismissed the action, and plaintiffs appeal.

Plaintiffs alleged that each of them had, at one time or another, been incarcerated in the Shiawassee County jail on either felony or misdemeanor charges, but that none had been convicted of a felony. Their cases were resolved in various ways: by dismissal, transfer to juvenile court, and/or pleas of guilty to a reduced charge of a simple misdemeanor. Plaintiffs further alleged that none had a prior conviction, other than for misdemeanor traffic offenses, nor had any been arrested on a sex-related charge. The complaint goes on to allege that records and identification materials made incident to their arrests have been sent to the Michigan Bureau of Criminal Investigation (MBCI) and to the FBI. Defendant sheriff has not returned these materials to plaintiffs and has not

sought return of the materials from the MBCI or the FBI.

Defendant admitted all of the foregoing allegations, but denied plaintiffs' right to bring a class action and the legal conclusions that plaintiffs drew.

The trial court, ruling that plaintiffs did not set forth a claim meriting relief, did not reach the question of the appropriateness of the class alleged. The lack of a record below precludes our review of this issue. *Potter v Wayne County,* 46 Mich App 174; 207 NW2d 448 (1973). The issue has not been argued by plaintiffs in their appeal, and we may therefore consider it abandoned. *People v Sims,* 62 Mich App 550; 233 NW2d 645 (1975).

Plaintiffs phrase the substantive issue presented for our review as follows: Under MCLA 28.243; MSA 4.463, and on constitutional precepts, may the Shiawassee County Sheriff retain and disseminate fingerprints and related records on persons whose arrests did not lead to felony convictions?

Defendant points out, however, that for some of the plaintiffs, their arrests did lead to convictions, though on lesser charges.

By statute, a sheriff is required to fingerprint any person arrested for a felony or a misdemeanor punishable by imprisonment for more than 3 months or a fine over $100. MCLA 28.243; MSA 4.463. The same statute contains provisions for return, in certain cases, of the fingerprints and related arrest records. If the arrested person is released without a charge, the prints and records must be immediately returned without request. If they are not returned, "the accused so released shall have the absolute right to demand and receive such return * * * without need to petition for court action". When the person arrested is

found not guilty of the offense charged against him, the trial court is required to order the return of his prints and arrest records. If the order of return is not made, "the accused shall have the absolute right to such return, upon request, at any time after such acquittal". When this order of return is refused, the accused then has the right to seek a writ of mandamus to require issuance of such order of return.

The record does not disclose which plaintiffs were released without charges or which plaintiffs were convicted of misdemeanors.

We agree with the trial court that in the statute there is a simple and easy means to have prints and arrest records returned. If no charge is brought against a person or he is acquitted and the records are not returned to him, he need only request them from the official holding the records. The statute authorizes a circuit court order when the request is not granted. Plaintiffs' complaint does not allege that there has been a request for their records. Until an individual, entitled under the statute, has made a request and the return refused by the law enforcement official holding the records, the statute does not require a court order for their return. *Cf. Menard v Mitchell,* 328 F Supp 718 (DC, 1971).

By agreeing with the trial court that the refusal of a request for return of prints and arrest records must precede a court order for their return, we need not determine whether, under MCLA 28.243; MSA 4.463, a person who is arrested for a felony and convicted on a lesser charge, is entitled to the return of his prints and arrest records.

The posture of the case presented us does not allow for us to rule in favor of plaintiffs on their constitutional claim. Though we recognize that the

right to privacy creates significant restrictions on the retention of arrest records, plaintiffs as a group are not entitled to the relief sought. Plaintiffs have not shown us any case, nor has our independent research disclosed any case, in which an individual, after conviction, had a claim based upon privacy to return of arrest records. Since we are unable to determine how the arrests of the various plaintiffs were resolved, we cannot assess the merits of whatever constitutional claim the individual plaintiffs might have.

The trial court's disposition of this case is affirmed for the reasons stated herein.