GRAND BLANC TOWNSHIP SUPERVISOR v GENESEE COUNTY
BOARD OF COMMISSIONERS

Docket No. 49338. Submitted December 5, 1980, at Lansing.—Decided
March 4, 1981. Leave to appeal applied for.

The Genesee County Board of Commissioners (Board) adopted an
equalization report setting the total equalized value of real
proeprty in Genesee County, rejecting an equalization report
submitted by the Genesee County Equalization Department
which set a higher total value. The City of Flint filed a petition
with the Tax Tribunal claiming that it had been allocated too
high a share of the real property valuation. The State Tax
Commission refused to accept the equalization report adopted
by the county board and instead adopted the higher total
valuation originally rejected by the Board.

Subsequently, the Tax Tribunal entered an order setting
aside the equalization report adopted by the Board and adopt-
ing the report which had been recommended by the County
Equalization Department containing the higher total equalized
value figure and allocating a lower percentage of the total to
Flint than the other report contained. The tribunal ordered the
assessing authorities in county taxing units to determine the
difference between taxes imposed in 1975 based upon the
original equalized value figures and the amount that would
have been imposed based upon the corrected figures. Where
additional taxes were found owing, the Board was ordered to
make up the difference by spreading the additional levy upon
the next succeeding annual tax roll and collecting the addi-
tional taxes accordingly.

Numerous townships and cities in Genesee County appealed

REFERENCES FOR POINTS IN HEADNOTES
[1] 70 Am Jur 2d, Special or Local Assessments § 154.
    72 Am Jur 2d, State and Local Taxation § 787.
[2] 5 Am Jur 2d, Appeal and Error § 744.
    46 Am Jur 2d, Judgments §§ 397, 400.
[3] 72 Am Jur 2d, State and Local Taxation §§ 714, 724.
[3, 4] 72 Am Jur 2d, State and Local Taxation §§ 831, 833.
[5] 1 Am Jur 2d, Administrative Law § 72.
    24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit § 50.
[5, 6] 56 Am Jur 2d, Motions, Rules and Orders § 9.

the order of the Tax Tribunal to the Court of Appeals. The order of the Tax Tribunal was affirmed by the Court of Appeals in a memorandum opinion, *City of Flint v Argentine Twp* (Docket No. 77-2048, rel'd December 1, 1978), *lv den* 406 Mich 879 (1979).

Subsequently, the Board adopted a resolution concerning the levy and assessment of 1979 property taxes and the additional taxes required due to the changes in 1975 equalized values. The resolution directed that the additional levies for 1975 be spread upon the assessment rolls of the proper taxing units and collected pursuant to law. Township and city assessing officers were directed to certify the additional 1975 levies to the Board.

The Township Supervisors of Grand Blanc, Davison, Mundy, Mt. Morris, Fenton, and Flushing Townships filed a petition for review with the Tax Tribunal, challenging the Board's resolution. The Board and the Genesee County Clerk thereupon filed a motion for an order in the nature of accelerated judgment with the tribunal.

The Tax Tribunal entered an *ex parte* order of dismissal, holding that the Board's resolution complied with the applicable statutes and the prior order of the tribunal and that the petition for review failed to state any cause of action over which the tribunal had jurisdiction. The township supervisors appeal. *Held:*

1. The issues decided in the prior appeal cannot be relitigated in this appeal under the doctrines of collateral estoppel and law of the case. However, the present appeal also involves claims not previously raised relating to procedures for the collection of the additional 1975 taxes implemented after the prior appeal was decided which may be considered in this appeal.

2. The Board was within its powers in ordering certification, spreading and collection of the additional taxes for 1975.

3. The spreading of the additional taxes for 1975 on the assessment rolls for 1979 does not result in an increase in the taxes imposed on property for 1979; it merely makes up for deficiencies in 1975. Therefore, the spreading is not violative of Const 1963, art 9, § 6.

4. Article 9, § 31 of the Michigan Constitution is inapplicable to the spreading of the additional taxes for 1975, since that article was ratified in 1978 and cannot be applied to 1975 taxation.

5. The Township Supervisors' claim that the 1979 resolution of the Board improperly allocated the 1975 deficiencies to various townships is abandoned on appeal since the only such

claim in the petition filed below was that the amount allocated to Mt. Morris Township included amounts for property located in the City of Mt. Morris and that claim was not mentioned in the petitioners' brief on appeal. The other claims of nonconformity mentioned in the brief on appeal were not considered by the Count of Appeals since they were not made in the petition filed with the Tax Tribunal.

6. The petitioners were not prejudiced by any procedural error of the Tax Tribunal in dismissing their petition without allowing the petitioners to respond to the motion for accelerated judgment and without conducting a hearing.

Affirmed.

1. TAXATION — TAX TRIBUNAL — JURISDICTION — STATUTES.

The Michigan Tax Tribunal's exclusive and original jurisdiction is to provide a proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws (MCL 205.731; MSA 7.650[31]).

2. JUDGMENTS — COLLATERAL ESTOPPEL — LAW OF THE CASE.

Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action; the doctrine of "law of the case" offers the parties to a lawsuit a measure of certainty by according finality to the litigated issues until the cause of action is fully litigated, including retrials or appeals.

3. TAXATION — PROPERTY TAX ASSESSMENT — STATUTES.

Subsequent to a final determination of equalized value by the state tax commission or Tax Tribunal, the local assessing officer shall determine the difference in tax, if any, between the tentative levy and a levy made upon the equalized value as finally determined by the tax commission or Tax Tribunal, which levy is referred to as the final levy (MCL 211.39a[2]; MSA 7.80[1][2]).

4. TAXATION — EQUALIZED ASSESSMENTS — COUNTY BOARD OF COMMISSIONERS.

A county board of commissioners has a duty to equalize property tax assessments throughout the county so that all taxpayers pay a proportionately fair share of the cost of government.

5. Taxation — Tax Tribunal.
    The rules of practice and procedure for the Tax Tribunal do not
    expressly authorize *ex parte* dismissals of petitions and allow a
    20-day period for replies to written motions.

6. Administrative Law — Oral Argument.
    Oral argument is not ordinarily allowed on motions before Michi-
    gan administrative bodies (1979 AC R 205.1230).

*Lyndon J. Lattie,* for plaintiffs.

*Ward Chapman,* for defendants.

Before: Danhof, C.J., and M. F. Cavanagh and
MacKenzie, JJ.

Danhof, C.J. Petitioners, township supervisors
of various townships[1] in Genesee County, appeal as
of right from an order of the Michigan Tax Tribu-
nal dismissing their petition for review.

The pertinent facts began on May 5, 1975, when
the Genesee County Board of Commissioners, re-
spondents herein, adopted an equalization report
setting the total equalized value of real property
in the county at $2,050,286,417. The board rejected
an equalization report submitted by the County
Equalization Department setting the total value at
$2,229,208,234. The City of Flint filed a petition
with the Tax Tribunal claiming that it had been
allocated too high a share of the real property
valuation. During the course of the proceedings in
the Tax Tribunal, the State Tax Commission re-
fused to accept the equalization report adopted by
the county board and instead adopted the higher
total valuation originally rejected by the board. On
May 19, 1977, the tribunal entered an order set-
ting aside the equalization report adopted by the
board on May 5, 1975, and adopting the report
which had been recommended by the County

---

[1] Grand Blanc, Davison, Mundy, Mt. Morris, Fenton and Flushing.

Equalization Department. This report contained the higher total-equalized-value figure and allocated a lower percentage of the total to Flint than the other report had. The tribunal ordered the assessing authorities in county taxing units to determine the difference between taxes imposed in 1975, based upon the original equalized value figures, and the amount that would have been imposed based upon the corrected figures. Where additional taxes were found owing, the county board was ordered to make up the difference by spreading the additional levy upon the next succeeding annual tax roll and collecting the additional taxes accordingly.

The May 19, 1977, order of the Tax Tribunal was appealed to this Court by the townships of Argentine, Atlas, Clayton, Davison, Fenton, Flushing, Forest, Gaines, Genesee, Grand Blanc, Montrose, Mt. Morris, Thetford and Vienna and the cities of Burton, Clio, and Davison. The following issues were raised:

I. May the Michigan Tax Tribunal raise the total county value of real property pursuant to an equalization appeal?

II. May a three-year average of real property sales and appraisals be used to determine equalized values?

III. Must State Tax Commission figures as to real property valuation of the appellant taxing units, prepared for the purpose of arriving at the state equalized value, be followed by the Genesee County Board of Commissioners in establishing the equalized real property value of appellants?

IV. Was the decision of the Michigan Tax Tribunal supported by competent, material and substantial evidence?[2] The Tax Tribunal order was af-

[2] Brief of appellant filed in *City of Flint v Argentine Twp,* (Docket No. 77-2048, rel'd December 1, 1978).

firmed in a memorandum opinion, which stated:

"A review of the records and briefs discloses no fraud, error of law or the adoption of wrong principles in the tax tribunal's decision changing the allocation of assessed valuation among the governmental units in Genesee County." *City of Flint v Argentine Twp* (Docket No. 77-2048, decided December 1, 1978 [unreported]), *lv den* 406 Mich 879 (1979).

On October 23, 1979, the County Board of Commissioners adopted a resolution concerning the levy and assessment of 1979 property taxes and the additional taxes required due to the changes in 1975 equalized values. The resolution directed that the additional levies for 1975 be spread upon the assessment rolls of the proper taxing units and collected pursuant to law. Township and city assessing officers were directed to certify the additional 1975 levies to the board.

The petitioners filed a petition for review with the Tax Tribunal on November 19, 1979, challenging the board's resolution. They claimed that the amounts of additional taxes allegedly due for 1975 had not been certified or determined to be due by township assessing authorities and were thus not authorized by law. Petitioners also claim that the respondent board lacked legal authority to order certification of the additional 1975 taxes or spreading of the additonal levies on assessment rolls.

On December 19, 1979, respondents filed a pleading entitled "Motion for Order in the Nature of Accelerated Judgment" with the tribunal, claiming that the tribunal lacked jurisdiction and that petitioners lacked capacity to sue. On December 28, 1979, before petitioners filed any response to the motion and without a hearing, the tribunal entered an "Ex Parte Order of Dismissal", holding

that the board's resolution complied with the applicable statutes and the prior order of the tribunal and that the petition for review failed to state any cause of action over which the tribunal had jurisdiction. The present appeal was subsequently filed.

We first address the question of jurisdiction. MCL 205.731; MSA 7.650(31) provides:

"The tribunal's exclusive and original jurisdiction shall be:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws."

Respondents claim that jurisdiction was lacking because the petitioners were actually attempting to appeal the decision of this Court affirming the 1977 Tax Tribunal order back to the Tax Tribunal; a situation not covered by the jurisdiction statute. This argument assumes that the questions raised in the petition had been addressed in the prior litigation. We agree that the issues decided in the prior appeal, which we have set forth above, cannot be relitigated in the instant appeal, under the doctrines of collateral estoppel or law of the case. *Topps-Toellar, Inc v City of Lansing,* 47 Mich App 720; 209 NW2d 843 (1973). However, the present appeal involves claims not previously raised relating to procedures for the collection of the additional 1975 taxes implemented after the prior appeal was decided. We will address these claims.

Petitioners contend that it was illegal for the county board to order spreading and collection of the additional taxes for 1975, where such taxes were not certified to the county clerk by township

authorities as required by §§ 35 and 36 of the General Property Tax Act, MCL 211.35; MSA 7.53 and MCL 211.36; MSA 7.54. Initially, we note that the board, in the October 23, 1979, resolution, directed certification of the additional 1975 taxes by local assessing officers as well as spreading and collection of such monies. This is the procedure contemplated by § 39a of the General Property Tax Act, which states:

"(1) If the determination of the equalized value is delayed as a result of an appeal taken pursuant to this act and pending before the tax commission or the tax tribunal, the assessing officer shall levy taxes upon the equalized value of property as determined by the county board of commissioners which is being reviewed by the tax commission or tax tribunal. The payment of taxes thusly levied, hereinafter called the 'tentative levy', shall not constitute a final and ultimate discharge of the taxpayer's obligation except as provided in subsection (3).

"(2) After the final determination of equalized value by the state tax commission or tax tribunal, *the assessing officer shall determine the difference in tax, if any, between the tentative levy and a levy made upon the equalized value as finally determined* by the tax commission or tax tribunal, which levy is hereinafter referred to as the 'final levy'.

"(3) If such determination shows that additional taxes are due, *the county board of commissioners may spread the additional levy upon the next succeeding annual tax roll and collect them together with the next succeeding annual taxes* upon the property or declare the tentative levy the final levy." MCL 211.39a; MSA 7.80(1) (Emphasis added.)

Sections 35 and 36 of the act, relied on by petitioners, do not apply. The former requires certification to the county clerk by the state auditor general of the amount of state taxes apportioned to the

county and the latter requires township clerks to deliver to the township supervisor a certified copy of statements and certificates on file and records of any vote or resolution in the clerk's office, authorizing or directing that money be raised in the township by taxation for township, school, highway, drain and other purposes, together with a statement of the aggregate amount thereof. The supervisor is then required to deliver copies to the county clerk who presents them to the county board at its annual meeting. In the case of a change in equalized value, § 39a(2) applies. It requires that the local assessing officers calculate the additional taxes owed and apparently contemplates a reporting of such amounts to the county board. However, nothing in the act prohibits the board from calculating the additional taxes itself where the local authorities decline to do so. The county board of commissioners has a duty to equalize assessments throughout the county so that all taxpayers pay a proportionately fair share of the cost of government. *Cooper Twp v State Tax Comm,* 393 Mich 58, 70; 222 NW2d 900 (1974). It has been granted authority by statute to equalize assessments by adding to or deducting from the valuation of real property in a township or city an amount as in its judgment will produce a sum which represents the true cash value of such property. MCL 211.34(2); MSA 7.52(2). It is our opinion that the board was within its powers in ordering certification, spreading and collection of the additional taxes for 1975.

Next, petitioners claim that the spreading of the additional levies for 1975 on the 1979 assessment rolls violated art 9, § 6 of the Michigan Constitution because the 15 and 50 mill limitations contained therein were exceeded, and art 9, § 31 of

the Michigan Constitution because the maximum authorized rate was exceeded. The constitutional provisions cited place limits on the taxes that may be imposed on property in any one year. In the present case, the spreading of the additional taxes for 1975 on the assessment rolls for 1979 does not result in an increase in the taxes imposed on property for 1979; it merely makes up for deficiencies in 1975. Art 9, § 31 of the Michigan Constitution is also inapplicable because it was ratified in 1978, and cannot be applied to 1975 taxation. *Public Service Comm v Cheboygan,* 324 Mich 309; 37 NW2d 116 (1949).

Petitioners also argue that the October 23, 1979, resolution of the board of commissioners did not conform to the 1977 order of the Tax Tribunal because of improper allocation of the 1975 deficiencies to various townships. The only such claim in the petition filed below was contained in paragraph 14, which alleged that the amount allocated to Mt. Morris Township included amounts for property located in the City of Mt. Morris. This specific claim was not mentioned in the petitioners' brief on appeal and we consider it abandoned. *Alderman v Shiawassee County Sheriff,* 66 Mich App 649; 239 NW2d 696 (1976). Likewise, we will not consider the other claims of nonconformity mentioned in the brief on appeal, since they were not made in the petition filed below. *Hayes v Booth Newspapers, Inc,* 97 Mich App 758; 295 NW2d 858 (1980).

Finally, we turn to petitioners' claim that the Tax Tribunal abused its power by dismissing their petition without allowing them to respond to the accelerated judgment motion and without conducting a hearing. In its order, the tribunal explained its rapid action as follows:

"It further appears that time is of the essence as regards the spreading, certification and collection, together with the 1979 annual taxes, of the additonal 1975 tax levies as ordered by the Tribunal in MTT Docket No. 7654."

The rules of practice and procedure for the Tax Tribunal do not expressly authorize *ex parte* dismissals and allow a 20-day period for replies to written motions. Oral argument is not ordinarily allowed on motions. 1979 AC R 205.1230. We find that petitioners were not prejudiced by any procedural error and decline to reverse on that ground. *Moskalik v Dunn,* 392 Mich 583; 221 NW2d 313 (1974).

Affirmed.